UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

OCTAVIA WALKER,

    Plaintiff,

    v.

WALGREENS,

    Defendant.

Case No. 2:25-CV-504-GSL-JEM

## OPINION AND ORDER

Plaintiff Octavia Walker, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis. For the reasons below, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Accordingly, Plaintiff's Complaint, [DE 1], is **DISMISSED**.

## DISCUSSION

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil

Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Plaintiff satisfies the financial prong of the analysis, so the Court turns to whether the suit has sufficient merit to proceed. Plaintiff alleges that Walgreens, a nationwide drug store chain, contacted her, via text message, without her prior express consent, and in doing so, violated the Telephone Consumer Protection Act ("TCPA"). [DE 1]. On one occasion she claims that she received a text message from Walgreens informing her that her "Rx is due now. Reply REFILL to fill …" [*Id*. at 4]. She claims she also received a text message from Walgreens regarding flu season and the ability to obtain a flu shot from Walgreens should she so choose. [*Id*.].

The TCPA regulates, *inter alia*, the use of automated telephone equipment, or "predictive dialers", defined as, equipment which "has the capacity …(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(l). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. [*Id.*].

Here, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff is not being subjected to calls or texts from a service utilizing a randomized number generator. Rather, her number is being intentionally and purposefully contacted to provide informational notices. This is not activity that is subject to the TCPA, nor has Plaintiff provided this Court with any legal authority to the contrary.

## **CONCLUSION**

Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Plaintiff's Complaint, [DE 1], is **DISMISSED**.

SO ORDERED.

ENTERED: November 5, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court